**Jului KURNIAWAN, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 05–1859–AGNAC.

United States Court of Appeals, Second Circuit.

Feb. 28, 2006.

Ronald S. Salomon, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jului Kurniawan, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

Kurniawan's asylum claim is not subject to judicial review. The INA, by its terms, precludes judicial review of the Attorney General's determinations regarding the one-year deadline provided in 8 U.S.C. § 1158. *See* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2).") Under the REAL ID Act of 2005, effective May 11, 2005, this Court has jurisdiction to review any "constitutional claims or questions of law" raised in a petition for review, notwithstanding "any other provision of this [chapter] … which limits or eliminates judicial review." REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, Title I, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)). As Kurniawan argues only that the IJ erred by making a factual determination that there were no "changed" or "extraordinary" circumstances, judicial review is precluded. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–52 (2d Cir.2006).

The IJ did not err by denying withholding of removal, as Kurniawan failed to show that it was more likely than not that be would be persecuted in Indonesia. *See Ramsameachire,* 357 F.3d at 178. According to Kurniawan, he was harassed by Muslim students as a child, Muslims threw rocks and bottles at his high school, people threw rocks at his mother's house, there was increasing violence against Christians in Indonesia, and four years ago churches were bombed. As the IJ pointed out, the background materials submitted by Kurniawan, and the U.S. State Department Report, indicate that anti-Christian violence is generally limited to outlying areas, there have been no significant incidents since 2000, and the government efforts to punish the responsible parties is improving. None of the materials indicate that ethnic Chinese are persecuted, and Kurniawan testified to no such persecution. Contrary to Kurniawan's assertion, the IJ properly applied the "more likely than not" standard with respect to future persecution. *Id.*

Because Kurniawan failed to discuss his CAT claim, the claim has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).